IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DELANO FRANKLIN OSCAR, JR.,<br><br>    Defendant. | Case No. 6:19-cr-00021-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Before the Court is defendant Delano Franklin Oscar, Jr.'s Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Doc. 44. The Court held a hearing on this matter on November 13, 2020, and denied the motion by minute order on January 5, 2021, with leave to renew if defendant's circumstances change. Docs. 53, 54. This formal opinion provides the Court's reason for the denial.

### STANDARDS

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Compassionate release under § 3582(c)(1)(A) provides an exception in rare

Page 1 – OPINION AND ORDER

cases. With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), Congress authorized courts to modify a defendant's sentence on a motion for compassionate release by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that two conditions are met: (1) that "[e]xtraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In making that determination, courts must "consider[] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" 18 U.S.C. § 3582(c)(1)(A).

The relevant policy statement is found in the United States Sentencing Guidelines, § 1B1.13. The policy statement identifies four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant, including "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" (B) the age of the defendant; (C) family circumstances; and (D) extraordinary and compelling reasons "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G.

Page 2 – OPINION AND ORDER

§ 1B1.13 cmt. 1(A)–(D).[1] The policy statement also requires the court to find that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).

## DISCUSSION

On January 29, 2020, defendant pleaded guilty to being a felon in possession of firearms and ammunition. Doc. 27. In April 2020, he filed a Motion for Release from Custody Pending Sentencing (doc. 30), asserting that his age and physical condition put him at high risk of severe illness or death from a COVID-19 infection. On April 24, 2020, the Court held a hearing on that motion and denied it on the record. Doc. 35. On May 20, 2020, the Court sentenced defendant to 48 months' imprisonment and three years' supervised release. Docs. 41, 42. He is serving his sentence at FCI Sheridan and has a projected release date of July 13, 2022.

Defendant asks the Court to reduce his sentence to time served. He argues that the COVID-19 outbreak at FCI Sheridan, coupled with his age—59 years, and his ethnicity—Hispanic and Native American, present extraordinary and compelling reasons for his release. The Centers for Disease Control recognizes that "[t]he risk for severe illness with COVID-19 increases with age," and that "8 out of 10 COVID-19 deaths reported in the U.S. have been in adults 65 years old and older." *See*

---

[1] Although the policy statement limits the fourth category to other reasons "[a]s determined by the Director of the Bureau of Prisons," the Court follows the majority of federal courts that "have found that the most natural reading of the amended § 3582(c) and 28 U.S.C. § 994(t) is that the district assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it." *United States v. Perez*, No. 88-10094-1-JTM, 2020 WL 1180719, at * 2 (D. Kan. Mar. 11, 2020); *see also United States v. Joling*, No. 6:15-cr-00113-AA, 2020 WL 1903280, at *3 (D. Or. Apr. 17, 2020).

*COVID-19: Older Adults*, CTRS. FOR DISEASE CONTROL & PREVENTION (Feb. 26, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Mar. 6. 2021). And, as defendant points out, in the United States, there have been significant racial and ethnic disparities in COVID-19 infection rates, severity, and outcomes. *See COVID-19: Health Equity Considerations and Racial and Ethnic Minority* Groups (Feb. 12, 2021), https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (last visited Mar. 6, 2021). At the same time, defendant does not claim that he has underlying medical conditions that put him at increased risk of severe illness or death from COVID-19, and his BOP medical records reveal none. When defendant filed this motion and on the date of the hearing, BOP reported that there were no active, confirmed COVID-19 cases among inmates at FCI Sheridan. *See Facility-Level BOP COVID-19 Trends*, U.S. DEP'T OF JUST. OFF. OF INSPECTOR GEN. (Feb. 27, 2021), https://experience.arcgis.com/experience/ab22fb4c564e4f4b986e257c685190e8/page/page_2/ (last visited Mar. 6, 2021) (OIG interactive dashboard with data relating to COVID-19 within BOP).

On this record, the Court cannot find extraordinary and compelling reasons to reduce defendant's sentence. At sentencing, the Court considered defendant's age, ethnicity, and risk from COVID-19 and, instead of sentencing him to time served as he had requested, the Court imposed the present 48-month sentence. Defendant failed to show that his circumstances had changed since sentencing. Additionally, because the sentence that the Court did impose was already a substantial downward

departure from the low end of the sentencing guidelines range, reducing defendant's sentence to time-served would undermine the § 3553(a) sentencing factors.

Although the rare and extraordinary nature of compassionate release constrains the Court's ruling on the present motion, the Court recommends that BOP place defendant on home confinement or in community corrections as early as possible under the authorities available to BOP. The Court will send a copy of this Opinion to the Warden of FCI Sheridan.

At the hearing, defendant told the Court that he had been researching release options and that he felt that he would be eligible for release under the CARES Act even if he did not meet the criteria for compassionate release under § 3582. The Court agreed that he seemed like a good candidate for transfer to home confinement under the CARES Act, but that the Act does not authorize the Court to order that transfer. Instead, the Court agreed to consider whether to recommend that BOP grant him relief under the CARES Act.

Under 18 U.S.C. § 3624(c)(2), BOP has the authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Under this provision, defendant would not typically be eligible for home confinement at this point in his sentence. But Congress recently amended the time restrictions of § 3624(c)(2) in the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). That amendment gave the Attorney General the power to "lengthen the maximum amount of time for which the Director [of BOP] is authorized to place a prisoner in home confinement." Pub. L. No.

Page 5 – OPINION AND ORDER

116-136, § 12003(b)(2), 134 Stat. 236 (March 27, 2020). In April 2020, the Attorney General directed BOP to use this expanded home confinement authority to protect vulnerable inmates and prevent or control the spread of the virus. Atty. Gen. William Bar, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (Apr. 3. 2020), https://www.justice.gov/file/1266661/download (last visited Mar. 8, 2021).

The decision whether to exercise this authority in a particular case and release a defendant to home confinement lies entirely with BOP; the court lacks the power to order that a prisoner be released to home confinement, even under the CARES Act. *See* 18 U.S.C. §§ 3621(b), 3624(c)(2); *Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Barnes*, No. 16-20308, 2020 WL 2733885, at *2 (E.D. Mich. May 26, 2020). The court may, however, make a judicial recommendation to BOP that a defendant be placed on home confinement. *See* 18 U.S.C. § 3621(b)(4); *United States v. Doshi*, No. 13-CR-20349, 2020 WL 1527186, at *1 (E.D. Mich. Mar. 31, 2020); *United States v. Best*, No. 5:16-CR-236-FL, 2019 WL 5608856, at *1 (E.D.N.C. Oct. 30, 2019). In evaluating whether to give such a recommendation, the court considers the non-exhaustive discretionary factors laid out in the Attorney General's Memo (*e.g.*, danger posed by inmate's release, conduct while in prison, and the inmate's vulnerability to COVID-19). Attny. Gen. William Barr, *Prioritization of Home Confinement as Appropriate Response to COVID-19 Pandemic* (Mar. 26, 2020), https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf (last visited Mar. 8, 2021).

The Court finds defendant is a strong candidate to be released to home confinement under the expanded home confinement authority of the CARES Act. Defendant has a lengthy criminal history, which was closely related to his substance abuse issues. But he has been sober from alcohol for over two decades and from methamphetamine for several years. Since his incarceration, defendant has put forth tremendous effort to rehabilitate himself. During his 17 months of detention pending sentencing, defendant completed 16 courses—all that were available to him at the FDC—including Spanish, parenting, effective communication, stress and anger management, and two math courses, and worked in the kitchen and as an orderly. Defendant has also reconnected with a childhood friend, who appears to be a positive presence in defendant's life and able to support his rehabilitation efforts. Further, as a veteran and enrolled member of the Yurok Tribe, defendant may be able to receive additional treatment, housing, and other support from the Veteran's Administration and his tribe, respectively. Given defendant's prison record and commitment to changing his behavior and path, the Court finds that he would not pose a danger to the community if released to home confinement. And defendant's age and Hispanic and Native American heritage, though not circumstances that warrant the extraordinary relief of compassionate release, make him more vulnerable to the dangers of COVID-19 than many other inmates. Accordingly, the Court recommends that BOP place defendant on home confinement for the remainder of his sentence.

Alternatively, the Court reaffirms its recommendation made in the May 20, 2020 judgment in this case:

> The Court further recommends that defendant receive the maximum prerelease time available, to include the maximum time possible in a residential reentry center, in order to allow the defendant sufficient time to establish community treatment resources and address housing needs and family responsibilities.

Doc. 42 at 2. *See Sacora v. Thomas*, 628 F.3d 1059, 1061–62 (9th Cir. 2010) (recognizing that 18 U.S.C. §§ 3621(b) and 3624(c) "govern the BOP's authority to place inmates in its custody in RRCs"); 18 U.S.C. § 3621(b)(4)(A)–(B) (authorizing BOP to "designate the place of the prisoner's imprisonment" upon consideration of, in pertinent part, "any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted; or recommending a type of penal or correctional facility as appropriate").

## CONCLUSION

Defendant's Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 44) is DENIED without prejudice. As noted in the Court's earlier minute order, defendant may file a renewed motion if circumstances change, which the Court will consider on an expedited basis. But the Court GRANTS defendant's on the record request for a judicial recommendation that BOP place him on home confinement for the balance of his sentence.

IT IS SO ORDERED.

Dated this 8th day of March 2021.

/s/Ann Aiken

Ann Aiken
United States District Judge